ARNOLD THIELENS PHILLIPS  #6640
1188 Bishop Street, Ste. 2907
Honolulu, Hawaii 96813
Phone: (808)781-1414
Facsimile: (888)467-0555

Electronically Filed
FIRST CIRCUIT
1CCV-21-0000493
20-APR-2021
06:56 PM
Dkt. 1 CMPS

Attorney for Plaintiff MA ARLENE ORSINE BATO

IN THE CIRCUIT COURT OF THE FIRST CIRCUIT
STATE OF HAWAII

| | |
|---|---|
| MA ARLENE ORSINE BATO<br><br>vs.<br><br>TARGET CORPORATION, a foreign corporation authorized to do business in the State of Hawai'i; JOHN DOES 1 – 10; JANE DOES 1 – 10; DOE CORPORATIONS 1 – 10 DOE PARTNERSHIPS 1 – 10; and DOE GOVERNMENTAL ENTITIES 1 – 10<br><br>Defendants | CIVIL NO.<br><br>(NON-MOTOR VEHICLE TORT)<br><br>COMPLAINT, PLAINTIFF'S REQUESTS FOR PRODUCTION OF DOCUMENTS, REQUESTS FOR ANSWERS TO INTERROGATORIES TO DEFENDANT TARGET CORPORATION, INC; JURY DEMAND; SUMMONS |

## **COMPLAINT**

Comes now, Plaintiff MA ARLENE ORSINE BATO, individually and by and through

his attorney, ARNOLD T. PHILLIPS, II and brings this complaint against Defendants

above-named, and in doing so, allege and aver as follows:

1.  At all relevant times herein, Plaintiff was a resident of the City and County of

Honolulu, State of Hawaii.

Exhibit "A"

2.  That the Defendant TARGET CORPORATION, a foreign corporation incorporated in Minnesota, at 1000 Nicollet Mall, Minneapolis, MN authorized to do business in the State of Hawai'i conducting  business in the City and County of Honolulu, State of Hawaii, whose registered agent is The Corporation Company, Inc., 1136 Union Mall Ste 301, Honolulu, Hawaii 96813 that June 8, 2019, that falsely arrested, held, assaulted and battered, and brought false criminal charges against the Plaintiff.

3.  Defendants JOHN DOES 1-10, JANE DOES 1-10, DOE CORPORATIONS 1-10, DOE PARTNERSHIPS 1-10, DOE NON-PROFIT ENTITIES 1-10, and DOE GOVERNMENTAL ENTITIES 1-10 (hereinafter referred to as "Doe Defendants") are persons, corporations, partnerships, business entities and/or governmental entities who acted in a negligent, wrongful or tortious manner which proximately caused or contributed to injuries and damages sustained by Plaintiff. Plaintiff has been unable to ascertain the names and identities of the above- named Doe Defendants from the investigation that has been conducted to date. Accordingly, Plaintiff has sued the unidentified Doe Defendants herein with fictitious names pursuant to Rule 17(d) of the Hawaii Rules of Civil Procedure, and Plaintiff will substitute the true names, identities, capacities, acts and/or admissions of the Doe Defendants when the same are ascertained.

4.  On or about the June 8, 2019, defendants, maliciously, and without probable cause therefor, assaulted, battered, charged the plaintiff with criminal activities and caused the plaintiff to be arrested, falsely imprisoned her, knowingly restraining the plaintiff

under circumstances which exposed the plaintiff to risk of serious injury.

5.  Further, on t June 8, 2019, the defendants, in addition to the unlawful arrest and false imprisonment of the plaintiff subjected her to assault and battery and the intentional infliction of emotional distress.

6.  That as a further direct and proximate result of the negligence of the defendants, thePlaintiff, MA ARLENE ORSINE BATO, has been forced to expend sums of money for hospitalization, x-rays, nurses, medical treatment and for medicine for the treatment of the aforesaid injuries to herself and for her criminal defense.

7.  And further, as a direct and proximate result of said negligence of defendants, Plaintiff  MA ARLENE ORSINE BATO sustained severe and permanent injuries, scaring, suffered mental and emotional distress, loss of income and has incurred medical and rehabilitative.

WHEREFORE, Plaintiff MA ARLENE ORSINE BATO prays for judgment against the Defendants, jointlyand severely, as follows:

1.  General damages as shall be proven at trial;

2.  Special damages as shall be proven at trial;

3.  Punitive damages as allowed and proved at trial;

4.  Attorney's fees and cost awarded by the Court;

5.  Prejudgment interest; and

6.  Such other and further relief as the Court deems just under the circumstances.

DATED: Honolulu, Hawaii April 20, 2021

_____/s/ Arnold T. Phillips II_____
Arnold T. Phillips II #6604
Attorney for Plaintiff

ARNOLD THIELENS PHILLIPS #6640
1188 Bishop Street, Ste. 2907
Honolulu, Hawaii 96813
Telephone: (808)781-1414
Facsimile: (888)467-0555

Attorney for Plaintiff MA ARLENE ORSINE BATO

IN THE CIRCUIT COURT OF THE FIRST CIRCUIT
STATE OF HAWAII

| | |
|---|---|
| MA ARLENE ORSINE BATO | CIVIL NO. |
| vs. | (NON-MOTOR VEHICLE TORT) |
| TARGET CORPORATION, a foreign corporation authorized to do business in the State of Hawaiʻi; JOHN DOES 1 – 10; JANE DOES 1 – 10; DOE CORPORATIONS 1 – 10 DOE PARTNERSHIPS 1 – 10; and DOE GOVERNMENTAL ENTITIES 1 – 10 | COMPLAINT; PLAINTIFF'S REQUESTS FOR PRODUCTION OF DOCUMENTS, REQUESTS FOR ANSWERS TO INTERROGATORIES TO DEFENDANT TARGET CORPORATION, INC; JURY DEMAND; SUMMONS |
| Defendants | |

## PLAINTIFF'S REQUESTS FOR PRODUCTION OF DOCUMENTS AND REQUESTS FORANSWERS TO INTERROGATORIES TO DEFENDANT <u>TARGET CORPORATION</u>

TO: TARGET CORPORATION, a foreign corporation whose registered agent is The

Corporation Company, Inc., 1136 Union Mall Ste 301, Honolulu, Hawaii 96813

The Plaintiff requests Defendant - TARGET CORPORATION, a foreign

corporation incorporated in Minnesota, at  1000 Nicollet Mall, Minneapolis, MN

authorized to do business in the State of Hawai'i conducting business in the City

and County of Honolulu, State of Hawaii, whose registered agent is The Corporation Company, Inc., 1136 Union Mall Ste 301, Honolulu, Hawaii 96813 to answer separately and fully in writing and under oath, pursuant to Rule 33 and 34 of the Hawaii Rules of Civil Procedure, this request for answers to interrogatories and for production of documents.

PLEASE TAKE NOTICE that two copies of the answers to the discovery requests must be served upon the undersigned within thirty (30) days after the service thereof.

These discovery requests shall be deemed continuing, pursuant to Rule 26(e) of the Hawaii Rules of Civil Procedure, to require supplemental answers if you obtain or recall further information between the time the answers are served and the time of trial. Answers may be inserted in the spaces provided in the interrogatories. If additional space is required in answering any interrogatory, please complete your answer on additional sheets bearing the same number of the discovery requests which you are responding to in that communication.

Should you or your counsel or anyone representing your interests learn of any additionalperson or persons having knowledge relating to matters inquired into after answering the interrogatories and before trial, it is requested that you furnish the names of the persons to the undersigned, giving timely notice thereof, allowing Plaintiff to make her discovery.

Please be advised that failure to answer will be grounds for a motion to compel answers to these discovery requests, pursuant to the provisions of Rule 37 of the Hawaii Rules of Civil Procedure.

PLEASE NOTE that it is the specific direction of this discovery request that if a request for admission cannot be admitted that it shall be considered to be converted to an interrogatory and that the answering party be required to state the reason(s) why it cannot admit the statement.

DEFINITIONS

1.      "You" and "your" means any defendant - TARGET CORPORATION, a foreign corporation incorporated in Minnesota, at 1000 Nicollet Mall, Minneapolis, MN authorized to do business in the State of Hawai'i conducting business in the City and County of Honolulu, State of Hawaii, whose registered agent is The Corporation Company, Inc., 1136 Union Mall Ste 301, Honolulu, Hawaii 96813; JOHN DOES 1-10; JANE DOES 1-10; DOE CORPORATIONS 1-10; DOE PARTNERSHIPS 1-10; and DOE GOVERNMENTAL ENTITIES 1-10, Defendants and/or all other persons or entities acting or purporting to act on your behalf, including, without limitation, your investigator(s), insurance adjuster(s), present and former employees, and/or agent(s), contractor(s), and advisor(s) and theiragents, employees and consultants.

2.      "Person" includes, without limitation, any natural person, firm, company,

partnership, association, joint venture, sole proprietorship, organization, business trust,

corporation, or any other group combination acting as a unit or other form of legal,

business, non-profit, or governmental entity.

3.      "Document" or "Writing" means and includes the original and any copy,

regardless of origin or location, of any printed, typed, written, graphic or recorded

materials or tangible thing of every kind, however produced or reproduced, in your

possession, custody or control, and includes but is not limited to, any letters,

correspondence, memoranda, telegrams, telexes, other communications, regulations,

guidelines, directives, laws, statutes, ordinances (including all drafts of regulations,

guidelines, directives, laws, statutes, ordinances), agreements, contracts, offers, proposals,

prospectuses, ballots, tariffs, statements, bills, air bills, consignments notes, purchase

orders, invoices, summaries, outlines, estimates, budgets, projections, cost analysis,

damage calculations, bulletins, books, periodicals, newsletters, articles, brochures,

advertisements, reports, logs, agenda, minutes, studies, charts, maps, drawings,

schedules, plans,blueprints, sketches, schematics, models, surveys, printouts, cards,

diaries, calendars, desk calendars, appointment books, photographs, slides, films

(including negatives of photographs, slides and negatives), notes, drafts, worksheets,

transcript, recording (mechanical,  electrical typed or written including digital or

computer records), email or any instrument or device which contains any information

or from which any information can be derived or retrieved.

4.      "Lawsuit" means MA ARLENE ORSINE BATO, Plaintiff, vs. TARGET

CORPORATION, a foreign corporation authorized to do business in the State of Hawai'i; JOHN DOES 1-10; JANE DOES 1-10; DOE CORPORATIONS 1-10; DOE PARTNERSHIPS 1-10; and DOE GOVERNMENTAL ENTITIES 1-10, Defendants, Defendants pending in the First Circuit Court of the State of Hawaii.

5.      "Occurrence" as used herein means the personal injury involving the assault, battery, detention, arrest false arrest and charging ofthe Plaintiff for activities which occurred on June 8, 2019, at the TARGET store located at 4380 Lawehana Street, in the City and County of Honolulu HI.

6.      "Identify," "Identity" or "Identification" when used with respect to a person or persons means to state:

    a.   His or her name;

    b.   His or her last known address; and

    c.   His or her employer and the employer's address.

7.      "Identify" "Identity" or "Identification" when used with respect to a document or documents means to state:

    a.   The identity of person who signed it or under whose name the document(s) was issued;

    b.   The identity of the addressee (and, if different, the identity of the recipient or recipients);

    c.   The nature and substance of the document with sufficient particularities to

enable the same to be identified for purposes of production.

d.   The date of the document(s);

e.   The number of pages of the document(s)

f.   The identity of each person who has custody of the document(s) or any copies thereof;

g.   Whether the document is complete.

h.   If no longer complete, in what respects it is incomplete or altered and the reasons therefore.

i.   If any such document is no longer existence. The disposition which was made of it, the date and the reasons for the disposition, and the identity of the person or persons who ordered and/or supervised such disposition. If any document responsive to an interrogatory has been produced by any party or non-party to this litigation, you may identify such production number that it bears rather than in the manner stated above.

9.   "Identify," "identity" or "identification" when used with respect to an oral statement means to state:

a.   The date and place thereof.

b.   The identity of each person who participated in or heard any part of the oral statement; and

c.   The identity of the custodian of any document recorded, summarized or concerned the oral statement. If you claim privilege against producing any document and/or thing, please submit a list describing such

documents and/or things, including their originator, the persons to whom they were directed or copies, their date and who had seen them, and the reasons why you will notproduce them.

10.    You may attach any item in response to an interrogatory identified as

such as part of the response to that interrogatory.

DATED: Honolulu, Hawaii April 20, 2020

_____/s/ Arnold T. Phillips II_____
Arnold T. Phillips II #6604
Attorney for Plaintiff

**PLAINTIFF'S REQUESTS FOR PRODUCTION OF DOCUMENTS AND REQUESTSFOR ANSWERS TO INTERROGATORIES TO DEFENDANT <u>TARGET CORPORATION</u>**

<u>INTERROGATORY NO. 1</u>: Identify who has drafted and signed the answers to these interrogortories.

RESPONSE:

<u>INTERROGATORY NO. 2</u>: State whether there is an organizational chart(s) for the defendant, for individual stores, regions, state and/or national; if so, state the name and address of the custodian of the chart(s), or attach copy or copies of same to your answers to these interrogatories.

RESPONSE:

<u>INTERROGATORY NO. 3</u>:

Identify each individual employee of the defendant TARGET CORPORATION who was involved in the occurrence of June 8, 2019, involving the Plaintiff explaining their role(s) and position(s) with the defendant TARGET CORPORATION they occupy including the identify and a list of any documents which they prepared relating to this occurrence.

RESPONSE:

INTERROGATORY NO. 4: Identify each occurrence which happened in the sixty months priorto the incident of June 8, 2019, involving the Plaintiff at stores in the City and County of Honolulu  which resulted  in the Honolulu Police Department being called including the identity of the custodian of these records or a security incident report being made by the defendant TARGET CORPORATION.

RESPONSE:

INTERROGATORY  NO. 5: Identify  the document custodian(s)  who has/have the personnel files for the employees of the defendant TARGET CORPORATION who was involved in the occurrence of June 8, 2019, involving the Plaintiff.

RESPONSE:

INTERROGATORY NO. 6: Identify any illness, physical disability or handicap involving   any   individual   employee   of   the   defendant   T A R G E T C O R P O R A T I O N   who was involved in  involved in the occurrence of June 8, 2019, involving the Plaintiff.

RESPONSE:


INTERROGATORY NO. 7: Identify any persons or video (or others recording system) which witnessed or made a video/electronic records of any the occurrence of June 8, 2019, involving the Plaintiff from one hour prior to the incident to one hour after the incident.

RESPONSE:


INTERROGATORY NO. 8: Identify any witnesses, photographs, movies, videos, diagrams or drawings contacted, made, or obtained related to the occurrence of June 8, 2019, involving the Plaintiff including the actions which took place at the defendant TARGET CORPORATION's building inside, outside or off its property being used by that store location which involved this occurrence.

RESPONSE:


INTERROGATORY NO. 9: Identify with a description any and all reports, or similar such document, regarding the occurrence of June 8, 2019, involving the Plaintiff including the name of the report, the date, the preparer and the present custodian

RESPONSE:

INTERROGATORY NO. 10: List the name of the insurance company, the type of coverage andpolicy amounts of any other or additional insurance coverage which might provide any manner of insurance for the incident.

RESPONSE:


INTERROGATORY NO. 11: Have you or any representatives observed or conversed with the Plaintiff since the incident if so state, date, place, time, person observing or conversing, whether any records of the observation or conversation was made and who is the custodian of such record.

RESPONSE:


INTERROGATORY NO. 12: Describe in your own words, in full detail, how the incident, subject of this lawsuit occurred, who was involved, when each significant part of the incident happened, who said what to whom, why was any statement made, beginning at least five minutesprior to and leading up to the incident.

RESPONSE:

INTERROGATORY NO. 13: Identify any individuals who have worked for Target Corporation in the area/department of the company where the Plaintiff was present on June 8, 2019, during the Relevant Time Period- the months of January - July 2019.

RESPONSE:

INTERROGATORY NO. 14: Identify any individuals or entities who have drafted, generated, transmitted, received, or stored documents or data related to the subject matter of this litigation. Include the physical work locations of those individuals or entities and the positions held by identified individuals during the Relevant Time Period.

RESPONSE:

INTERROGATORY NO. 15: Identify each personal computer that has been used during the Relevant Time Period to process, generate, transmit, receive, or store data related to the subject matter of this litigation. For each personal computer, identify:

    a.  Computer type (e.g. laptop, desktop);
    b.  Make, model, [and serial number];

   c.  User(s) assigned to the personal computer;

   d.  Dates of operation;

   e.  Installed operating system(s), including version number(s);

   f.  Operating system upgrades, drive reformatting, data wipes, mass data deletions or overwritesthat have occurred, and the dates those events occurred.

<u>RESPONSE:</u>

<u>INTERROGATORY NO. 16</u>: Identify each electronic communications system (e.g. email, instant messaging system) used to draft, generate, transmit, receive, or store communications related to the subject matter of this litigation. For each communications system, identify:

   a.  Any version of a client/server software application package (i.e. Microsoft Outlook2000/Exchange 5.5 or Lotus Notes/Domino version 6);

   b.  Dates each version was in use;

   c.  Dates of any version upgrades or application changes;

   d.  Numbers, locations, makes, and models of communication servers;

   e.  Server storage capacity;

   f.  Size of communication databases maintained;

   g.  Number of system mailboxes/users;

   h.  Methods of accessing system remotely (e.g. via OWA, Hotmail) \

   i.  Methods of replicating data for archival purposes (e.g. to local hard drive or to a networkdrive);

   j.  Individuals with administrative access to accounts;

k.  Security features used, including password protection or encryption.

RESPONSE:

INTERROGATORY NO. 17: Identify any "home" directories, shared folders, or other locations on a network used during the Relevant Time Period to store electronic documents (e.g. memos, letters, statements, emails, research, investigations, spreadsheets, presentations, etc. without limitation).

RESPONSE:

INTERROGATORY NO. 18.      What is the written policy regarding Target Corporation Loss Prevention Associates or other designated security approaching and identifying themselves to customers or persons suspected of wrongdoing on Target Corporation property?

RESPONSE

INTERROGATORY NO. 19.     Are Target Corporation Loss Prevention Associates trained on how to handle people suspected of panhandling on Target Corporation property? If so, cite to the specific section of any training materials used in this training.

RESPONSE

INTERROGATORY NO. 20.     What method do Target Corporation Security or Loss Prevention Associates use to identify themselves when approaching/contacting individuals suspected of wrongdoing on Target Corporation property?

RESPONSE

INTERROGATORY NO. 21: State the training that Target Corporation Security or Loss Prevention Associates and employees or contractors supplying these services are provided by Target Corporation for detention of shoplifting, solicitation, and panhandling suspects

by loss prevention and security personnel and for each training provide the title, topic, date, instructor, materials who is the document custodian of these records or provide these materials as part of the response to this interrogatory.

RESPONSE:

ARNOLD THIELENS PHILLIPS  #6640
1188 Bishop Street, Ste. 2907
Honolulu, Hawaii 96813
Telephone: (808)528-3911
Facsimile: (808)528-5006

Attorney for Plaintiff MA ARLENE ORSINE BATO

IN THE CIRCUIT COURT OF THE FIRST CIRCUIT
STATE OF HAWAII

| | |
|---|---|
| MA ARLENE ORSINE BATO | CIVIL NO. |
| vs. | (NON-MOTOR VEHICLE TORT) |
| TARGET CORPORATION, a foreign corporation authorized to do business in the State of Hawaiʻi; JOHN DOES 1 – 10; JANE DOES 1 – 10; DOE CORPORATIONS 1 – 10 DOE PARTNERSHIPS 1 – 10; and DOE GOVERNMENTAL ENTITIES 1 – 10 | **JURY DEMAND** |
| Defendants | |

## **JURY DEMAND**

Come now Plaintiff, MA ARLENE ORSINE BATO, by and through her attorney,

ARNOLD T. PHILLIPS II, and filed this demand for a jury trial to decide the issues in this

case accordingto their rights under the constitutions of the State of Hawaii and the United

States of America.

DATED: Honolulu, Hawaii April 20, 2020


_____/s/ Arnold T. Phillips II_____
Arnold T. Phillips II #6604
Attorney for Plaintiff

ARNOLD THIELENS PHILLIPS  #6640
1188 Bishop Street, Ste. 2907
Honolulu, Hawaii 96813
Telephone: (808)528-3911
Facsimile: (808)528-5006

Attorney for Plaintiff MA ARLENE ORSINE BATO

IN THE CIRCUIT COURT OF THE FIRST CIRCUIT
STATE OF HAWAII

| | |
|---|---|
| MA ARLENE ORSINE BATO | CIVIL NO. |
| vs. | (NON-MOTOR VEHICLE TORT) |
| TARGET CORPORATION, a foreign corporation authorized to do business in the State of Hawai'i; JOHN DOES 1 – 10; JANE DOES 1 – 10; DOE CORPORATIONS 1 – 10 DOE PARTNERSHIPS 1 – 10; and DOE GOVERNMENTAL ENTITIES 1 – 10 | **SUMMONS** |
| Defendants | |

## <u>SUMMONS</u>

TARGET CORPORATION.
Registered Agent
The Corporation Company, Inc.
1136 Union Mall Ste 301
Honolulu, Hawaii 96813

TO THE ABOVE-NAMED DEFENDANT TARGET CORPORATION, a foreign

corporation authorized to do business in the State of Hawai'i.

YOU are hereby summoned and required to file in court and serve upon Plaintiff's

attorney, Arnold T. Phillips II, whose address is 1188 Bishop Street Ste. 2907, Honolulu,

HI 96813 an answer to the Complaint attached hereto. This action must be taken within twenty (20) days after service of this Summons exclusive of the day of service.

If you fail to make your answer within the twenty-day limit, judgment by default will be taken against you for the relief demanded in the Complaint.

This summons shall not be personally delivered between 10:00 PM and 6:00 AM on premises not open to the general public, unless a judge of the above entitled court permits, in writing on this summons, personal delivery during those hours.

A failure to obey this summons may result in an entry of default and default against the disobeying person or party.

DATED: Honolulu, Hawaii, April 20, 2021

_____
Clerk of the above-entitled Court