IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF HAWAII

| | |
|---|---|
| MA ARLENE ORSINE BATO, | ) CIVIL NO. 21-00307 SASP-WRP |
| | ) |
| Plaintiff, | ) FINDINGS AND |
| | ) RECOMMENDATION TO DENY |
| vs. | ) PLAINTIFF'S VARIOUS |
| | ) MOTIONS REGARDING IN |
| TARGET CORPORATION, | ) FORMA PAUPERIS STATUS AND |
| | ) FEES ON APPEAL, ECF NOS. 262, |
| Defendant. | ) 265, 269, 270 |
| | ) |
| | ) |

FINDINGS AND RECOMMENDATION TO DENY PLAINTIFF'S
VARIOUS MOTIONS REGARDING IN FORMA PAUPERIS STATUS
AND FEES ON APPEAL, ECF NOS. 262, 265, 269, 270

Before the Court are various motions filed by Plaintiff Ma Arlene Orsine Bato (Plaintiff) related to her appeal to the Ninth Circuit Court of Appeals. Specifically, Plaintiff filed (1) three Motions to Proceed in Forma Pauperis on Appeal, ECF Nos. 262, 265 at 13-21 and 22-44; (2) a Request for Prompt Ruling on Motion to Proceed In Forma Pauperis on Appeal, ECF No. 269; and (3) a Request for Fee Waiver and PACER Access, ECF No. 270. The Court construes these motions as a request to proceed in forma pauperis on appeal and for PACER fees to be waived or deferred.

The Court finds Plaintiff's requests suitable for disposition without a hearing pursuant to Local Rule 7.1(c). After careful consideration of the relevant facts and legal authority, the Court FINDS and RECOMMENDS that each of

Plaintiff's requests be DENIED.[1]

I.  **In Forma Pauperis Status**

Motions to proceed in forma pauperis on appeal are governed by Federal Rules of Appellate Procedure Rule 24(a) and 28 U.S.C. § 1915(a). As relevant here, Rule 24(a)(1) provides:

> **(1) Motion in the District Court**. Except as stated in Rule 24(a)(3), a party to a district-court action who desires to appeal in forma pauperis must file a motion in the district court. The party must attach an affidavit that:
> (A) shows in the detail prescribed by Form 4 of the Appendix of Forms the party's inability to pay or to give security for fees and costs;
> (B) claims an entitlement to redress; and
> (C) states the issues that the party intends to present on appeal.

Fed. R. App. P. 24(a)(1). Further, "[a]n appeal may not be taken in forma pauperis if the trial court certifies in writing that it is not taken in good faith." 28 U.S.C. § 1915(a)(3). This test is "easily met" as "[t]he good faith requirement is satisfied if the petitioner seeks review of any issue that is 'not frivolous.'" Gardner v. Pogue, 558 F.2d 548, 550-51 (9th Cir. 1977) (citing Coppedge v. United States, 369 U.S. 438, 445 (1962)). An issue may be deemed frivolous, however, "where it

---

[1] Within fourteen days after a party is served with the Findings and Recommendation, pursuant to 28 U.S.C. § 636(b)(1), a party may file written objections in the United States District Court. A party must file any objections within the fourteen-day period to preserve appellate review of the Findings and Recommendation.

2

lacks an arguable basis either in law or in fact." Neitzke v. Williams, 490 U.S. 319, 325 (1989).

Here, Plaintiff has failed to meet the requirements of Rule 24(a)(1) because she neither utilized the Ninth Circuit's Form 4, nor otherwise provided all of the required detail to illustrate her inability to pay or give security for fees and costs. Instead, Plaintiff submitted to this Court three different motions to proceed in forma pauperis on appeal. See ECF Nos. 262, 265 at 13-21 and 22-44. Even considering these three motions and their attachments together, however, they leave many questions included in Form 4 unanswered. For example, Form 4 inquires about the average monthly income from numerous income sources, as well as the expected income from these sources in the future. In contrast, Plaintiff's documents provide her current income amount from some of these sources, but do not include all the detail requested. As another example, Form 4 asks for employment history over the past two years, but Plaintiff provides no such information. Plaintiff also fails to detail all of the monthly expenses listed on Form 4, such as expenses for telephone, transportation, laundry, clothing, etc. Without providing the detail required on Form 4, Plaintiff fails to comply with Rule 24(a)(1) and the Court is "unable to adequately assess Plaintiff's ability to pay the requisite fees." See McAllister v. Hawaiiana Mgmt. Co., No. CV 11-00056 ACK-KSC, 2013 WL 12407395, at *2 (D. Haw. Apr. 4, 2013) ("Although

3

the form contains some of the information required by Form 4, it leaves many questions included in Form 4 unanswered.  The Court is therefore unable to adequately assess Plaintiff's ability to pay the requisite fees.").  The Court therefore recommends that Plaintiff's application to proceed in forma pauperis be denied on this ground.[2]  See United States v. Masuisui, No. 14-CR-00173-DKW-1, 2024 WL 1719943, at *1 (D. Haw. Apr. 22, 2024) ("[D]ue to Masuisui's failure to comply with Rule 24(a)(1), the Court is unable to properly assess his ability to pay the requisite fees.  His application to proceed in forma pauperis must, therefore, be denied.").

  Moreover, even if Plaintiff had fully complied with Rule 24(a)(1), the Court would still deny her application to proceed in forma pauperis because the Court finds the appeal is not taken in good faith and is frivolous.  As the District Judge explained at length in her March 7, 2025 Order (1) Granting Defendant's Motion for Summary Judgment No. 1, (2) Denying Plaintiff's Motion for Summary Judgment and Renewed Motion For Summary Judgment, and (3) Dismissing Case With Prejudice ("Order Granting Summary Judgment"),

---

[2] The Court notes that, in Plaintiff's motions to proceed in forma pauperis, Plaintiff incorrectly states that she was "granted in forma pauperis status in the District Court."  See Motions to Proceed in Forma Pauperis on Appeal, ECF Nos. 262 at 3; 265 at 15.  That statement is incorrect; Plaintiff was not granted in forma pauperis status in this Court.

summary judgment was warranted on each of Plaintiff's claims for failure to raise any genuine issue of material fact. See Order Granting Summary Judgment, ECF No. 251 at 27-38 ("because Bato fails to raise any genuine issue of material fact, summary judgment as to her claims for false arrest, false imprisonment, and malicious prosecution is proper"; "There is an absence of admissible evidence to support Bato's case. Accordingly, Bato's claim for assault and battery fails summary judgment."; "Bato fails to show that a genuine issue of material fact exists with respect to her claim for intentional infliction of emotional distress"; "Bato cannot sustain a negligence claim against Target"). Upon review of all the evidence before her, the District Judge found that Defendant was entitled to judgment as a matter of law because Plaintiff's "allegations [were] insufficient to raise a genuine issue of material fact" and "the factual evidence in the record does not establish a genuine issue for trial." See id. at 38. In the alternative, the Court dismissed the case with prejudice in light of "the egregious circumstances present here, where Bato has purposefully and defiantly violated multiple court orders despite numerous warnings and forbearances." See id. at 43.

Plaintiff's requests now before the Court and on appeal do not present any arguable basis in law or fact to alter the Court's rulings. Accordingly, the Court recommends finding that Plaintiff's appeal is not taken in good faith and is

5

frivolous.  See Neitzke, 490 U.S. at 325.  Plaintiff's request to proceed in forma pauperis on appeal should be denied for this additional reason as well.[3]

## II. Waiver of PACER Fees

Plaintiff also requests that the Court waive or defer her PACER fees, including a past-due balance of approximately $700, due to financial hardship.  See Request for Fee Waiver, ECF No. 270 at 1-2.

"The PACER System acts as a portal to information stored on the Court's Case Management/Electronic Case Files ('CM/ECF') system."  Nelson v. Sorrento Tower Apartments, No. 321CV01554RBMJLB, 2023 WL 3061843, at *1 (S.D. Cal. Apr. 24, 2023).  "Exemptions from PACER user fees are uncommon" and "[i]n forma pauperis status alone does not support a request to waive PACER fees."  Katumbusi v. Gary, No. 2:14-CV-1534 JAM AC, 2014 WL 5698816, at *4 (E.D. Cal. Oct. 30, 2014).  Further, all parties and attorneys of record receive one free electronic copy of documents filed with the court if they are registered with the court's CM/ECF system and, if not, a party will receive a copy of all orders and filed documents via mail.  See id.  And even if a party "chooses to access court records through PACER, the fee is a modest[.]"  See id.  In light of these

---

[3] In light of this Court's findings and recommendation on Plaintiff's request to proceed in forma pauperis on appeal, the Court recommends denying Plaintiff's Request for Prompt Ruling on Motion to Proceed In Forma Pauperis on Appeal as moot.  See Request for Prompt Ruling, ECF No. 269.

6

procedures, which provide "reasonable access," the Court finds that Plaintiff has not justified the waiver or deferral of PACER fees.  See id.; Nelson, 2023 WL 3061843, at *1.  Accordingly, the Court recommends that Plaintiff's request to waive or defer PACER fees be denied.

## CONCLUSION

In light of the foregoing, the Court FINDS and RECOMMENDS that the district court:

1. Find and certify that Plaintiff's appeal is not taken in good faith and is frivolous;

2. Deny Plaintiff's request to proceed in forma pauperis on appeal, ECF Nos. 262 and 265;

3. Deny Plaintiff's request for prompt ruling on her requests to proceed in forma pauperis on appeal as moot, ECF No. 269; and

4. Deny Plaintiff's request that her PACER fees be waived or deferred, ECF No. 270.

IT IS SO ORDERED.

DATED: Honolulu, Hawaii, June 16, 2025.



_____
Wes Reber Porter
United States Magistrate Judge

BATO v. TARGET, CORP.; CIVIL NO. 21-00307 SASP-WRP; FINDINGS AND RECOMMENDATION TO DENY PLAINTIFF'S VARIOUS MOTIONS REGARDING IN FORMA PAUPERIS STATUS AND FEES ON APPEAL, ECF NOS. 262, 265, 269, 270.